# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

In the Matter of

VALERIE MAGGITT

v.

EVANGELICAL LUTHERAN CHURCH IN AMERICA,
a not-for-profit foreign corporation

Case Number: **02C 7083**

OCT - 3 2002

JUDGE GETTLEMAN

MAGISTRATE JUDGE LEVIN

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Plaintiff, VALERIE MAGGITT

| (A) | (B) |
|---|---|
| SIGNATURE: *[signed]* | SIGNATURE: |
| NAME: Gregory T. Mitchell | NAME: |
| FIRM: Law Office of Gregory T. Mitchell, P.C. | FIRM: |
| STREET ADDRESS: 1820 Ridge Road, Suite 200 | STREET ADDRESS: |
| CITY/STATE/ZIP: Homewood, Illinois 60430 | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: 708-799-9325  FAX NUMBER: 708-799-9326 | TELEPHONE NUMBER:  FAX NUMBER: |
| E-MAIL ADDRESS: mitchlaw00@aol.com | E-MAIL ADDRESS: |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): 6195711 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): |
| MEMBER OF TRIAL BAR?  YES ☐  NO ☐ | MEMBER OF TRIAL BAR?  YES ☐  NO ☐ |
| TRIAL ATTORNEY?  YES ☐  NO ☐ | TRIAL ATTORNEY?  YES ☐  NO ☐ |
|  | DESIGNATED AS LOCAL COUNSEL?  YES ☐  NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE: | SIGNATURE: |
| NAME: | NAME: |
| FIRM: | FIRM: |
| STREET ADDRESS: | STREET ADDRESS: |
| CITY/STATE/ZIP: | CITY/STATE/ZIP: |
| TELEPHONE NUMBER:  FAX NUMBER: | TELEPHONE NUMBER:  FAX NUMBER: |
| E-MAIL ADDRESS: | E-MAIL ADDRESS: |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): |
| MEMBER OF TRIAL BAR?  YES ☐  NO ☐ | MEMBER OF TRIAL BAR?  YES ☐  NO ☐ |
| TRIAL ATTORNEY?  YES ☐  NO ☐ | TRIAL ATTORNEY?  YES ☐  NO ☐ |
| DESIGNATED AS LOCAL COUNSEL?  YES ☐  NO ☐ | DESIGNATED AS LOCAL COUNSEL?  YES ☐  NO ☐ |

FILED 02 OCT -3 AM 11:24
CLERK U.S. DISTRICT COURT

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**(a) PLAINTIFFS**
VALERIE MAGGITT

**DEFENDANTS**
EVANGELICAL LUTHERAN CHURCH IN AMERICA, a not-for-profit foreign corporation

**(b) County of Residence of First Listed Plaintiff** COOK COUNTY
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c) Attorney's (Firm Name, Address, and Telephone Number)**
Gregory T. Mitchell
Law Office of Gregory T. Mitchell, P.C.
1820 Ridge Road, #200 - Homewood, IL 60430

Attorneys (If Known)

02C 7083
JUDGE GETTLEMAN

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [X] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC | [ ] 423 Withdrawal 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 365 Personal Injury — Product Liability | [ ] 630 Liquor Laws | | [ ] 450 Commerce/ICC Rates/etc |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 320 Assault, Libel & Slander / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 640 R.R. & Truck | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | [ ] 650 Airline Regs. | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine / **PERSONAL PROPERTY** | [ ] 660 Occupational Safety/Health | [ ] 830 Patent | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 345 Marine Product Liability / [ ] 370 Other Fraud | [ ] 690 Other | [ ] 840 Trademark | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle / [ ] 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability / [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Inj. / [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting / [ ] 510 Motions to Vacate Sentence | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [X] 442 Employment / Habeas Corpus: | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations / [ ] 530 General | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare / [ ] 535 Death Penalty | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights / [ ] 540 Mandamus & Other | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | / [ ] 550 Civil Rights | | | |
| | / [ ] 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Racial discrimination in violation of Title VII of the Civil Rights Act of 1964

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [ ] No

## VIII. This case

[X] is not a refiling of a previously dismissed action.

[ ] is a refiling of case _____, previously dismissed by Judge _____

DATE 10-3-2002

SIGNATURE OF ATTORNEY OF RECORD
[signature]

FILED OCT - 3 2002
OCT - 3 2002

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| VALERIE MAGGITT, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 02C 7083 |
| EVANGELICAL LUTHERAN CHURCH IN AMERICA, a not-for profit foreign corporation, | ) JUDGE GETTLEMAN |
| Defendant. | ) MAGISTRATE JUDGE LEVIN |



FILED-ED5
02 OCT -3 AM 11:24
CLERK
U.S. DISTRICT COURT
DOCKETED
OCT - 3 2002

### Preliminary Statement

1. This is an action seeking redress for the violations of rights guaranteed to the Plaintiff by the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, et seq., the Civil Rights Act of 1991 and 42 U.S.C. § 1981, for Defendant, Evangelical Lutheran Church in America's discrimination against Plaintiff because of her race (African American), creating a hostile work environment and unlawful harassment of Plaintiff and unlawful retaliation against Plaintiff due to Plaintiff's race (African American) in connection with the terms and conditions of Plaintiff's employment.

### Jurisdiction and Venue

2. Jurisdiction over the statutory violations alleged is conferred as followed: Over Title VII claims 28 U.S.C. §1331, 28 U.S.C. §1343(a)(3), and 42 U.S.C §2000e-5(f)(3); over 42 U.S.C. § 1981 by 42 U.S.C. §1988. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. Section 1391, because Defendant's office is located in Chicago, Illinois and because the Defendant's failure to stop the unlawful

1-4

racial discrimination subjected the Plaintiff and others to a hostile work environment. 42 U.S.C. § 2000e-5(f)(3).

### Procedure

3. All conditions precedent to commencing this action have been satisfied in that: (a) Plaintiff has filed a charge of racial discrimination, hostile work environment and unlawful retaliation with the Equal Employment Opportunity Commission (EEOC) on or about February 15, 2001; (b) the EEOC has issued a Right-to-Sue letter dated July 3, 2002; and (c) Plaintiff brings this action within 90 days of her receipt of the aforesaid Right-to-Sue letter. Exhibit A.

### Parties

4. The Plaintiff, Valerie Maggitt, is a citizen of the United States of America, in the states of Illinois.

5. The Defendant, Evangelical Lutheran Church in America (hereinafter referred to as "ELCA"), is a not-for-profit foreign corporation, whose office is located at 8765 Higgins Road, Chicago, Illinois 60631, and is duly authorized to operate and conduct business under the laws of the State of Illinois.

6. Upon information and belief Defendant, ELCA, employed more than 500 employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

## Introduction

7. In 1988 Plaintiff, Valerie Maggitt, was hired by Defendant, ELCA, as a Senior Accountant in the Division for Higher Education and Schools. In 1994, Plaintiff was assigned to the position Assistant Budget Director in the Division of Higher Education and Schools. In 1999, Plaintiff was promoted to Budget Director.

8. From 1994 through June 2000, W. Robert Sorenson, a white male, was employed by Defendant, ELCA, and assigned to the position of Executive Director, Division of Higher Education and Schools. Throughout this period, Sorenson was assigned as Plaintiff's direct supervisor.

9. From June 2000 through October 2001, Leonard Schulze, a white male, was employed by Defendant, ELCA, and assigned to the position of Executive Director, Division of Higher Education and Schools. Throughout this period, Schulze was assigned as Plaintiff's direct supervisor.

### The Plaintiff Was Denied Tangible Employment Benefits and Was Subjected to a Hostile Work Environment As a Result of Racial Discrimination at the ELCA

10. The Plaintiff incorporates the preceding paragraphs by reference here.

11. In 1993, Plaintiff applied for a promotion as a Senior Accountant within the Office of the Treasurer, ELCA but was neither considered nor scheduled for an interview by Office of Treasury, though Plaintiff met all qualifications for the position. Plaintiff was forced to file a grievance with Defendant, ELCA, complaining of her non-consideration for the Senior Accountant position and allege racial discrimination before

3

Defendant, ELCA, would acknowledge or recognize Plaintiff's qualifications for the Senior Accountant position.

12. In 1994, Defendant assigned Plaintiff the duties and responsibilities of Budget Director, Division of Higher Education and Schools, but intentionally and improperly failed to increase Plaintiff's salary and wages commensurate with the position and further refused to assign to Plaintiff the title and position of Budget Director. Instead, Defendant, ELCA, by and through its employee, W. Robert Sorenson, hired a white female with no accounting and budget experience to share finance responsibility as the "newly created" Assistant Director of Finance and Administration." Plaintiff was thereafter forced to file a grievance with Defendant complaining of her pay and wage disparity and Defendant's refusal to assign the title and authority of Budget Director and allege racial discrimination before Defendant, ELCA, would acknowledged or recognize Plaintiff's entitlement to comparable wages and recognition as the Budget Director.

13. After Plaintiff complained to her supervisor, Executive Director W. Robert Sorenson, regarding the disparity in her work, title and pay, Mr. Sorenson refused to assign Plaintiff the full responsibilities and authority that had previously been assigned to the Budget Director and instead hired Sue Rothmeyer, a white female, in the newly created position "Assistant Director for Finance and Administration" and thereafter Mr. Sorenson worked directly with Rothmeyer and treated Rothmeyer as if she was the Budget Director.

14. Upon creating the new management position for Sue Rothmeyer, a white female, Defendant, by and through its agent, W. Robert Sorenson, the Executive Director, by words, actions and example, openly communicated his racial hostility toward Plaintiff

4

and intentionally undermined the authority, scope of responsibility and senior management status of Plaintiff's position as Assistant Budget Director.

15. Beginning in or about March 1996, after Plaintiff began to have a personal relationship with an ELCA co-worker who was a white male, the Executive Director, W. Robert Sorenson, began to express his heightened disapproval of Plaintiff's authority and her personal relationship by openly ridiculing the relationship, making disparaging remarks about Plaintiff's male companion to ELCA Board of Directors of the Division for Higher Education and School. Sorenson also expressed his resentment to Plaintiff by becoming more aloof and non-communicative throughout the ELCA office environment. Plaintiff's male companion was soon thereafter abruptly reassigned by Defendant, ELCA, to a location away from Chicago, Illinois and instructed to terminate his personal relationship with Plaintiff.

16. In or about October 1996, Plaintiff was again forced to file a grievance notifying Defendant's Department of Human Resources of an existing disparity in pay and Defendant's refusal to assign Plaintiff the title and position of Budget Director. No corrective action was taken until Plaintiff specifically alleged that the disparity in pay and refusal of the Executive Director, W. Robert Sorenson, to assign and promote Plaintiff to the position of title of Budget Director was because of her race, African American and therefore constituted unlawful racial discrimination.

17. In 1998, W. Robert Sorenson, in his capacity as the Executive Director, falsely and wrongfully rewarded and credited Sue Rothmeyer with preparing and providing essential budgetary and strategic planning for the ELCA Board of Directors, work that Plaintiff had completed alone. Plaintiff thereafter was forced to file a grievance to obtain the credit, recognition and reward for the work completed. Defendant

thereafter reluctantly changed Plaintiff's title and status to "Budget Director" and contemporaneously changed Sue Rothmeyer's title and job description from "Assistant Director for Finance and Administration" to "Director for Administration and Planning."

18. From 1998 and continuing until 2000, Plaintiff was forced to endure and tolerate the openly expressed hostile attitude and personal resentment of her supervisor, Executive Director, W. Robert Sorenson on a daily basis, due to Plaintiff's race, African American, and in retaliation to the discrimination complaints alleged against Sorenson. Moreover, to regularly communicate and convey his racial hostility toward Plaintiff, Mr. Sorenson used his position as Executive Director to informally "re-organize" the Division of Higher Education and Schools to effectively undermine and alienate Plaintiff from the management staff and to further treat Plaintiff as a support staff employee rather than a "Director" of the budget department, causing Plaintiff to suffer professional embarrassment, humiliation, frustration and severe emotional distress and depression.

19. In 2000, when Plaintiff made it clear to Sorenson that she would not tolerate racial discrimination, disparate treatment of minorities by Defendant, ELCA, or attacks on her position or authority as Budget Director, the Executive Director, W. Robert Sorenson, openly confronted Plaintiff in the workplace and expressed his hostility toward Plaintiff and called Plaintiff a "trouble-maker" and mocked Plaintiff's intervention by sarcastically and disparagingly describing Plaintiff as "a person that has always wanted to advocate against discrimination and equality."

20. In June 2000, Defendant, ELCA, continued to subject Plaintiff to a racially hostile work environment when Defendant, ELCA, replaced Executive Director W. Robert Sorenson with Leonard Schulze, as the new Executive Director, Division of Higher Education and Schools. Immediately after assuming the Executive Director

6

position, Schulze, without provocation or justification, informed Plaintiff that, unlike other Budget Directors and management staff, Plaintiff would no longer have direct access or contact with the Executive Director. When Plaintiff complained to the Defendant's Department of Human Resources, Plaintiff was advised that this "organizational" change was the sole discretion of the new Executive Director, Leonard Schulze.

21. On June 8, 2001, Leonard Schulze, acting in his capacity as Executive Director, and in response to Plaintiff's grievance regarding preferential treatment and bias toward Sue Rothmeyer, unilaterally promoted and reassigned Sue Rothmeyer to the position of Director for Campus Ministry, a position that paid Rothmeyer approximately $15,000 more in salary than Plaintiff. Plaintiff was never considered for this promotion or position.

22. Though Sue Rothmeyer had been reassigned, Leonard Schulze continued to alienate Plaintiff and undermine her position and responsibilities as Budget Director, by not communicating with Plaintiff, intentionally excluding Plaintiff from scheduled of management staff meeting and communicating and requesting budgetary matters directly with Plaintiff subordinates instead of Plaintiff, causing Plaintiff professional embarrassment, humiliation and frustration.

23. On or about October 24, 2001, after Plaintiff complained to Leonard Schulze regarding his mistreatment, Leonard Schulze, in his capacity as Executive Director, Division of Higher Education and Schools, renamed the previously created position of "Director for Administration and Planning" to "Assistant Executive Director" thereby reclassifying the position formally assigned to Sue Rothmeyer, as a position superior to the Budget Director.

7

24. Additionally, when Plaintiff complained to Leonard Schulze about his continual mistreatment of the Plaintiff and unprofessional conduct as the Executive Director, Leonard Schulze mocked and dismissed Plaintiff's complaints as unfounded and further told Plaintiff. When Plaintiff expressed outrage at Leonard Schulze's response and nonchalance, Leonard Schulze's told Plaintiff that her angry comments were themselves "sexual harassment" towards him. Leonard Schulze thereafter reported a false sexual harassment allegation against Plaintiff to the Director of Human Resources of the ELCA in retaliation to Plaintiff's discrimination complaints.

25. Thereafter Defendant, ELCA, at the direction of Reverend Charles Miller, Executive of Administration, Office of the Bishop, attempted to discredit Plaintiff's racial discrimination complaints and allegations by hiring an outside Human Resources consultant to review Schulze's claim of sexual harassment against Plaintiff and, and ostensibly Plaintiff's allegations of racial discrimination and hostile work environment against the ELCA. Despite a finding that Schulze's sexual harassment claim was false, a finding that a hostile work environment existed, and that Plaintiff may have suffered racial discrimination, Defendant, ELCA, took no corrective action against Schulze or instituted any changes in the Division of Higher Education and Schools to eliminate the hostile work environment which Plaintiff was forced to endure.

26. When Plaintiff realized that Defendant had intended to take no corrective action following the investigation by the human resources consultant, Plaintiff was forced to file a racial discrimination and hostile work environment complaint with the Equal Employment Opportunity Commission.

The above described continued conduct and practices described a racially hostile environment and represents a pattern of intentional racial discrimination against Plaintiff

8

by the Defendant, ELCA, in violation of Title VII Civil Rights Act of 1964 and 42 U.S.C. § 2000(e)-5. and the Civil Rights Act of 1961.

### Plaintiff Was Denied Promotion and Consideration for Promotion to the Position of Assistant Executive Director, Division of Higher Education and Schools Because of Racial Discrimination at the ELCA.

27. The Plaintiff incorporates the preceding paragraphs by reference here.

28. On or about March 28, 2002, Mr. Schulze, in his capacity as Executive Director, without any consideration of Plaintiff's superior qualifications, experience and prior work performance as Budget Director, offered the newly created "Assistant Executive Director" position to Richard Zawistowski, a white male, for the specific purpose to further diminish Plaintiff's management status as "Budget Director" and alienate Plaintiff from the Executive Director and management staff.

29. Plaintiff believes she was not considered for the position of "Assistant Executive Director" because Executive Director, Leonard Schulze, was biased and prejudiced against Plaintiff because of her race, African American.

### Plaintiff Has Suffered Unlawful Retaliation After Filing Her EEOC Racial Discrimination Hostile Work Environment Complaint

30. The Plaintiff incorporates the preceding paragraphs by reference here.

31. Since assuming the position of Assistant Executive Director on June 1, 2002, Richard Zawistowski has harassed and created a hostile environment by subjecting Plaintiff's work and actions to unreasonably heightened review and scrutiny, when the same level of scrutiny is not applied to other staff members and sections, by requiring Plaintiff to prepare cumbersome, duplicative and unnecessary reports and communications, and repeatedly challenging Plaintiff's routine and perfunctory budgetary decisions. Zawistowski has unjustifiably addressed Plaintiff and her

9

subordinate staff in a demeaning and disrespectful manner causing Plaintiff professional embarrassment, frustration and severe emotional distress.

32. When Plaintiff advised and notified the Reverend Charles Miller, Executive for Administration, Office the Bishop of the ELCA, no corrective action was taken. The failure of the ELCA and Reverend Miller of the Executive Office of Administration to take remedial action indicates that the racial discrimination that pervaded the Division of Higher Education and Schools of the ELCA is endorsed by the highest levels of the ELCA authority.

33. The Plaintiff demands that the case be tried by a jury.

WHEREFORE:

The Plaintiff respectfully asks the Court:

(1) to enter a permanent injunction against the ELCA, its supervisors, employees and agents, ordering them to cease and desist from engaging in the discriminatory practices described above;

(2) to order such other relief as appropriate, including, but not limited to, promotion of the Plaintiff to the Assistant Executive Director position;

(3) to award the Plaintiff back pay, and other damages, including, but not limited to, costs, disbursements and reasonable attorney fees; and

(4) to grant other relief that the Court may find appropriate.

VALERIE MAGGITT

By: _____
Gregory T. Mitchell
Law Office of Gregory T. Mitchell, P.C.
1820 Ridge Road, Suite 200
Homewood, Illinois 60430
(708) 799-9325

10

## VERIFICATION

I, Valerie Maggitt, declare under penalty of perjury that the foregoing is true and correct.

Valerie Maggitt

*/s/ Valerie Maggitt*

Gregory T. Mitchell
Law Office of Gregory T. Mitchell, P.C.
1820 Ridge Road, Suite 200
Homewood, Illinois 60430
(708) 799-9325

10-3-02
Date



EXHIBIT A

## Equal Employment Opportunity Commission

## DISMISSAL AND NOTICE OF RIGHTS

To: Valerie R. Maggitt
1723 N. Narragansett Avenue
Chicago, IL 60639-3825

From: Equal Employment Opportunity Commission
500 West Madison
Suite 2800
Chicago, Illinois 60661

Certified No.: 7099 3400 0006 7299 2566

[ ] *On behalf of a person aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 210A201803 | Y. Macariola-Wolohan, Investigator | (312) 886-4821 |

*(See the additional information attached to this form.)*

**YOUR CHARGE IS DISMISSED FOR THE FOLLOWING REASON:**

[ ] The facts you allege fail to state a claim under any of the statutes enforced by the Commission

[ ] Respondent employs less than the required number of employees.

[ ] Your charge was not timely filed with the Commission, *i.e.*, you waited too long after the date(s) of the discrimination you alleged to file your charge. Because it was filed outside the time limit prescribed by law, the Commission cannot investigate your allegations.

[ ] You failed to provide requested information, failed or refused to appear or to be available for necessary interviews/conferences, or or otherwise refused to cooperate to the extent that the Commission has been unable to resolve your charge. You have had more than 30 days in which to respond to our final written request.

[ ] The Commission has made reasonable efforts to locate you and has been unable to do so. You have had at least 30 days in which to respond to a notice sent to your last known address.

[ ] The respondent has made a reasonable settlement offer which affords full relief for the harm you alleged. At least 30 days have expired since you received actual notice of this settlement offer.

[X] The Commission issues the following determination: Based upon the Commission's investigation, the Commission is unable to to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] Other (*briefly state*)

### - NOTICE OF SUIT RIGHTS -

[X] **Title VII and/or the Americans with Disabilities Act:** This is your NOTICE OF RIGHT TO SUE, which terminates the Commission's processing of your charge. If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in a court of competent jurisdiction. If you decide to sue, you must sue **WITHIN 90 DAYS** from your receipt of this Notice; otherwise your right to sue is lost.

[ ] **Age Discrimination in Employment Act:** This is your NOTICE OF DISMISSAL OR TERMINATION, which terminates processing of your charge. If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in a court of competent jurisdiction. If you decide to sue, you must sue **WITHIN 90 DAYS** from your receipt of this Notice; otherwise your right to sue is lost.

[ ] **Equal Pay Act (EPA):** EPA suits must be brought within 2 years (3 years for willful violations) of the alleged EPA underpayment.

7-3-02

On behalf of the Commission

John P. Rowe
John P. Rowe, District Director

Enclosures
Information Sheets
Copy of Charge
cc: Respondent(s)            Evangelical Lutheran Church

EEOC Form 161 (Test 5/95)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

AGENCY: [ ] FEPA [X] EEOC

CHARGE NUMBER: 210A201803

Illinois Dept. of Human Rights and EEOC
*State or local Agency, if any*

**NAME** (Indicate Mr., Ms., Mrs.): Ms. Valerie R. Maggitt
**HOME TELEPHONE** (Include Area Code): (773) 889-3205
**STREET ADDRESS**: 1723 North Narragansett Avenue, **CITY, STATE AND ZIP CODE**: Chicago, IL 60639-3825
**DATE OF BIRTH**: 09/25/1961

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

**NAME**: Evangelical Lutheran Church
**TELEPHONE**: (312) 380-2700
**STREET ADDRESS**: 8765 W. HIGGINS ROAD, **CITY, STATE AND ZIP CODE**: Chicago, IL 60631
**COUNTY**: 031

**CAUSE OF DISCRIMINATION BASED ON** (Check appropriate box(es)):
[X] RACE [ ] COLOR [ ] SEX [ ] RELIGION [ ] NATIONAL ORIGIN
[X] RETALIATION [ ] AGE [ ] DISABILITY [ ] OTHER (Specify)

**DATE DISCRIMINATION TOOK PLACE**
EARLIEST: 10/26/2001  LATEST: 02/15/2002
[X] CONTINUING ACTION

**THE PARTICULARS ARE** (If additional space is needed, attach extra sheet(s)):

I was have been employed by Respondent since around August of 1988, most recently as Budget Director. In or around October of 2001, I complained to my White supervisor that I believed I was experiencing racial discrimination and a racially hostile work environment. My supervisor responded to this with violent behavior after which we decided to try to resolve the situation with the help of Human Resources. On or around October 26, 2001, a new position was created which would supervise me, effectively demoting me and preventing me from reporting directly to the Executive Director as I had previously done. In or around November 2001, an investigation was conducted by a private mediator, which I believe was conducted in a biased and partial manner.

I belive that I have been retaliated against, and discriminated based on my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED EEOC
FEB 15 2002
CHICAGO DISTRICT OFFICE

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

*Valerie R. Maggitt* 2-15-2002
Date — Charging Party (Signature)

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT
*Valerie R. Maggitt*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Month, day and year)

EEOC FORM 5 (Rev. 07/99)

FILE COPY

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA<br>☒ EEOC | 210A201803 |

Illinois Dept. of Human Rights _____ and EEOC
*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) Ms. Valerie R. Maggitt | HOME TELEPHONE (Include Area Code) (773) 889-3205 | |
|---|---|---|
| STREET ADDRESS 1723 North Narragansett Avenue, | CITY, STATE AND ZIP CODE Chicago, IL 60639-3825 | DATE OF BIRTH 09/25/1961 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME Evangelical Lutheran Church | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) (312) 380-2700 |
|---|---|---|
| STREET ADDRESS 8765 W. HIGGINS ROAD, | CITY, STATE AND ZIP CODE Chicago, IL 60631 | COUNTY 031 |

| NAME | | TELEPHONE NUMBER (Include Area Code) |
|---|---|---|
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER *(Specify)*

DATE DISCRIMINATION TOOK PLACE
EARLIEST 10/26/2001  LATEST 02/15/2002
☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s)):*

I was have been employed by Respondent since around August of 1988, most recently as Budget Director. In or around October of 2001, I complained to my White supervisor that I believed I was experiencing racial discrimination and a racially hostile work environment. My supervisor responded to this with violent behavior after which we decided to try to resolve the situation with the help of Human Resources. On or around October 26, 2001, a new position was created which would supervise me, effectively demoting me and preventing me from reporting directly to the Executive Director as I had previously done. In or around November 2001, an investigation was conducted by a private mediator, which I believe was conducted in a biased and partial manner.

I belive that I have been retaliated against, and discriminated based on my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED EEOC
FEB 15 2002
CHICAGO DISTRICT OFFICE

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

*Valerie R. Maggitt* 2-15-2002
Date    Charging Party *(Signature)*

SIGNATURE OF COMPLAINANT
*Valerie R. Maggitt*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Month, day and year)

EEOC FORM 5 (Rev. 07/99)

FILE COPY

*United States District Court for the Northern District of Illinois*

Case Number: **02C 7083**    Assigned/Issued By: \_\_N7\_\_

OCT - 3 2002

### FEE INFORMATION

**Amount Due:** ☒ $150.00   ☐ $30.00   ☐ $20.00   ☐ $5.00

☐ IFP   ☐ No Fee   ☐ Other \_\_\_\_\_

*(For use by Fiscal Department Only)*

Amount Paid: 150.00    Receipt #: 10316484

Date Paid: 10-3-02    Fiscal Clerk: \_\_\_

### ISSUANCES

**Type Of Issuance:**
- ☒ Summons
- ☐ Third Party Summons
- ☐ Alias Summons
- ☐ Lis Pendens
- ☐ Non Wage Garnishment Summons
- ☐ Wage-Deduction Garnishment Summons
- ☐ Citation to Discover Assets
- ☐ Writ \_\_\_\_\_ (Type of Writ)

Original and \_\_1\_\_ copies on 10-3-02 as to Def
(Date)